



## MEMORANDUM OPINION

No. 04-11-00159-CR

Jose **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR6528
Honorable Phil Chavarria, Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  April 20, 2011

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence on Jose Garcia on January 25, 2011, and he did not file a motion for new trial. Therefore, the notice of appeal was due February 24, 2011, or the notice and a motion for extension of time to file, were due fifteen days later on March 11, 2011. TEX. R. APP. P. 26.2(a)(1). The record contains a notice of appeal file stamped on February 25, 2011, but Jose Garcia did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

We issued a show cause order requesting appellant show cause why this appeal should not be dismissed and explain how the notice of appeal was delivered to the trial court. Appellant responded stating the record does not demonstrate how the notice was filed whether by mail or by hand delivery. The record does not indicate how the notice of appeal was delivered to the district clerk and the record does not contain a copy of an envelope bearing a postmark.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH